*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF GREGORY MESSENGER, by
PATRICIA J. L. MESSENGER, Personal
Representative, and MAINS CONSTRUCTION
LLC,

Plaintiffs-Appellants,

v

ATAIN INSURANCE COMPANY,

Defendant-Appellee,

and

BERKSHIRE AGENCY, INC.,

Defendant.

UNPUBLISHED
December 26, 2019

No. 344690
Oakland Circuit Court
LC No. 2017-158286-CK

Before: MURRAY, C.J., and SAWYER and GLEICHER, JJ.

PER CURIAM.

Plaintiffs appeal from an order of the circuit court granting summary disposition in favor of defendant Atain Insurance Company (defendant) pursuant to MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

Gregory Messenger was killed in a construction accident that occurred on the premises of Piedmont Concrete. Messenger was employed by NBI Construction Services (NBI), which was a subcontractor for plaintiff Mains Construction (Mains), the general contractor. The Messenger Estate filed suit against Piedmont, Mains, and NBI. Mains tendered the suit to defendant, its general liability insurer. Defendant denied coverage for the claim. Piedmont settled with the estate and NBI was dismissed pursuant to the exclusive remedy provision of worker's compensation. Mains settled with the estate for $1,000,000, and entered into a settlement agreement, a covenant not to sue, and an assignment of rights and claims agreement with the estate. A consent judgment was entered. Thereafter, plaintiffs filed suit against defendant

alleging breach of contract and seeking a declaratory judgment. The trial court ultimately granted summary disposition in favor of defendant and this appeal followed.

The trial court granted summary disposition, concluding that there is no dispute that the Employees, Subcontractors, Independent Contractors, Temporary Workers, or Volunteers endorsement has an exclusion that excludes coverage in this case:

> "Bodily injury" to an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any independent contractor", "temporary worker", "leased worker", "volunteer worker" of any insured or any person performing work or services for any insured arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity; [emphasis added].

We agree with the trial court that this exclusion precludes any obligation by defendant to indemnify Mains for this claim. It is not disputed that Messenger was an employee of Mains at the time of the accident, that Mains was a subcontractor of the insured, and that Messenger was a person performing services for the insured.

Plaintiffs argue that the trial court erred by granting summary disposition without allowing discovery to continue regarding the question whether there was a latent ambiguity in the contract. We disagree.

We review motions for summary disposition de novo. *Shay v Aldrich*, 487 Mich 648, 656; 790 NW2d 629 (2010). A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint and summary disposition is appropriate if no factual development could justify recovery. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A motion under MCR 2.116(C)(10) is appropriate if, after considering all the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact. *Id.* at 120. Finally, while summary disposition is usually not appropriate before the completion of discovery, it may be granted if there is not a fair chance that further discovery would uncover factual support for the claim. *Kelly-Nevils v Detroit Receiving Hosp*, 207 Mich App 410, 421; 526 NW2d 15 (1994).[1]

Where "the terms of a contract are unambiguous, their construction is for the court to determine as a matter of law and the plain meaning of the terms may not be impeached with extrinsic evidence." *Zurich Ins Co v CCR and Co*, 226 Mich App 599, 604; 576 NW2d 392 (2003) (citation omitted). Extrinsic evidence may be considered if it establishes a latent ambiguity from what would otherwise appear to be clear and intelligible language in the contract. See *Shay*, 487 Mich at 667-668.

---

[1] Plaintiffs have raised the issue whether Michigan or Ohio law should apply to this case. But plaintiffs have conceded that, on the issues relevant here, it does not matter. Accordingly, like the trial court, we shall analyze this case under Michigan law.

Plaintiffs first argue that, before the trial court granted summary disposition, they should have been permitted to depose one or more employees of defendant knowledgeable about the various clauses in the policy and the effect on this claim. Plaintiff asserts that we cannot plainly accept that the endorsement unambiguously deprives Mains of coverage and that "someone must answer the question" about how the exclusion can be written "to include everyone on the construction site where [whether?] under the control of the general contractor or their owner employer." The answer to that question is actually fairly simple—by writing it to do so. More to the point, we do not need the input of defendant's employees regarding their opinion about what the contract means. The interpretation of the contract is for the court to do, and for this we look to the language of the contract itself.

Plaintiffs claim that an ambiguity is created because of a "Stop Gap Employers Liability" endorsement to the policy. That endorsement provides in pertinent part as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury by accident" . . . to your "employee" to which this insurance applies.

Plaintiffs' argument, however, overlooks the fact that the scope of this endorsement is limited by the following provision: "This insurance applies to "bodily injury by accident" . . . only if" the " 'bodily injury by accident' . . . takes place in the 'coverage territory". And the policy provides that the "coverage area" is Canada. The accident did not occur in Canada and, therefore, the stop-gap provision does not apply in this case. And, more generally, because it does not apply in all cases, in cannot create an ambiguity by establishing an irreconcilable conflict in the contract provisions. Rather, it merely provides that there are coverage differences in Canada.[2]

Plaintiffs next argue that a latent ambiguity is created by the policy's Independent Contractors Liability Insurance endorsement. We disagree. That endorsement creates conditions that the insured must meet with respect to independent contractors regarding hold-harmless agreements, indemnity, and being named on the independent contractors' insurance policies as an additional named insured. The policy then provides that a failure "to comply with any of the above conditions does not alter the coverage provided by this policy. However, should you fail to comply with any of the above conditions, any subcontractors hired by an Insured will be considered your employees for *premium computation purposes*." (Emphasis added.)

Plaintiffs endeavor to interpret this provision as somehow creating coverage for injuries to the employees of subcontractors, or at least creating an ambiguity regarding such coverage. This argument, however, ignores two important points. First, the policy clearly states that there

---

[2] Plaintiffs do raise a question whether the applicable stop-gap provision provides that the coverage area is Canada or whether it is Michigan and Ohio. But even accepting that the coverage area is, in fact, Michigan and Ohio, the argument still fails because, by its terms, it provides coverage for bodily injury to "your 'employee'" and Messenger was not Mains' employee.

is no altering of coverage. And, second, that the consequence of a failure to comply results in the employees of the subcontractor being treated as employees of the insured for purposes of calculating the premium due under the policy.

Plaintiffs further argue that the more reasonable interpretation of the policy is to conclude that the employee exclusion only applies to employees of subcontractors where those employees are deemed to be de facto employees of the insured under worker's compensation law. But plaintiffs provide no meaningful argument why that is the more reasonable conclusion. Rather, the more meaningful conclusion is that the policy means exactly what it states: that coverage does not apply to, among others, employees of subcontractors. Indeed, if the purpose of the exclusion of subcontractors' employees was to address those that would be deemed de facto employees of the insured, there would be a much more straightforward way of achieving this. That is, the exclusion clause would be written something to the effect of excluding coverage for "the insured's employees, including those deemed to be de facto employees," or some such language. Plaintiffs provide no compelling argument why, if this was the intended purpose, the policy would not have employed a more unambiguous approach.

In sum, we conclude that the clear and unambiguous language of the policy excludes coverage for bodily injury to the employees of subcontractors and, therefore, excludes coverage for the claim at issue here. Moreover, plaintiffs have failed to establish any patent or latent ambiguity in the contract which would give rise to a finding of coverage. Nor do plaintiffs demonstrate how any further discovery could lead to finding a patent ambiguity in the policy.

For these reasons, we affirm the trial court's grant of summary disposition. Defendant may tax costs.

/s/ Christopher M. Murray
/s/ David H. Sawyer